UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

HAMASPIK OF ORANGE COUNTY, INC.,

        Plaintiff

  -against-

                                COMPLAINT

                                INDEX NO.

ORANGE COUNTY and ORANGE COUNTY
DEPARTMENT OF PUBLIC WORKS DIVISION OF
ENVIRONMENTAL FACILITIES & SERVICES,

        Defendants

-------------------------------------------------------------------X

## INTRODUCTION

1. Plaintiff Hamaspik of Orange County, Inc. (Hamaspik) operates a community residence for people with developmental disabilities in Monroe, Orange County, New York. Pursuant to a local law enacted by Defendant Orange County, community residences for people with developmental disabilities in Orange County are taxed for sewer charges at a rate higher than the rate of a single family residence of the same size. Said local law, and its application by the Defendant Orange County Department of Public Works Division of Environmental Facilities & Services, discriminates against persons with disabilities in violation of the Federal Fair Housing Act, the Americans With Disabilities Act and the New York State Human Rights Law. Additionally, under the New York State Mental Hygiene Law, residences such as that operated by Hamaspik

must be treated as a single family residence and the Defendants' failure to treat the residence as a single family residence is also in violation of that law.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, 42 U.S.C. §3613, and 42 U.S.C. §12133.  This Court has supplemental jurisdiction over the state law claims alleged in this complaint.

3. As all of the parties reside in Orange County, venue in this District is proper pursuant to 28 U.S.C. §1391(b).

## PARTIES

4. Plaintiff Hamaspik is a not-for-profit corporation incorporated under the laws of the State of New York.  Its main offices are located in Monroe, Orange County, New York and its mission is to provide housing for people with developmental disabilities in Orange County.

5. Defendants Orange County and Orange County Department of Public Works Division of Environmental Facilities & Services are a municipality and unit of a municipality whose main offices are located in Goshen, Orange County, New York.

## FACTS

### A. Hamaspik community residence.

6. Plaintiff Hamaspik operates a community residence for people with developmental disabilities at 10 Dinev Court in the Incorporated Village of Kiryas Joel, Orange County, New York.

7. The community residence is licensed by the New York State Office for People With Developmental Disabilities (OPWDD)

8. The community residence was established pursuant to the provisions of New York State Mental Hygiene Law §41.34.

9. Under that law, residences established pursuant to that law are deemed by the law to be single family residences for the purposes of all local laws and ordinances. Mental Hygiene Law §41.34(f).

10. Under that law, Hamaspik had to notify the appropriate jurisdiction of its interest and intent in establishing the residence at said site, in this case the appropriate jurisdiction being the Incorporated Village of Kiryas Joel.

11. Hamaspik did send the appropriate notification to the Incorporated Village of Kiryas Joel, and the Incorporated Village of Kiryas Joel did not object to the proposed residence.

12. Consquently, Hamaspik had the right under Mental Hygiene Law §41.34 to establish the residence at issue and did establish that residence in 1994 when it received an operating certificate from the New York State Office of Mental Retardation and Developmental Disabilities (the predecessor name of OPWDD).

13. The community residence has been in continuous operation since 1994, and now houses 14 persons with developmental disabilities.

### B. Orange County Local Law at issue and its application to Hamaspik.

14. At issue in this action is the constitutionality of an Orange County Local Law that affects Hamaspik's residence and has been applied to Hamaspik's residence.

15. In 2008, Defendant Orange County enacted Local Law No. 4 of 2008 affecting residences such as the Hamaspik residence. The Local Law is attached as Exhibit A.

16. Under Local Law No. 4 of 2008, which regulates sewer rents and taxes, single family dwellings are assessed as one unit, regardless of the number of persons living in the single family dwelling.

17. However, with regard to group homes such as Hamaspik's residence, they are assessed as one unit for every three beds or part.

18. As the Hamaspik residence at Dinev Court has 14 beds, it is assessed as five units rather than one unit as a single family.

19. Consequently, the Hamaspik residence is assessed at a far greater rate than other residences because it is a group home.

20. Defendant Orange County Department of Public Works Division of Environmental Facilities Services has applied the law to assess the Hamaspik residence as five units, the most recent application having been stated in a letter dated September 12, 2012 from Brian Ladlee, Defendants' Building Construction Supervisor to Moses Wertheimer, Hamaspik's Acting Executive Director.

21. Consequently, because it is a group home, Hamaspik pays a substantially larger sewer bill to Orange County than a single family residence of the same size.

22. As Local Law No. 4 of 2008 treats housing for people with disabilities differently from other single family residences of the same size, it is facially discriminatory and thus in violation of the Federal Fair Housing Act, the Americans With Disabilities Act, and the New York State Human Rights Law.

23. Alternatively, as people with disabilities are far more likely than other persons to reside in a group home because of their disabilities, Local Law No. 4 of 2008 has a

disparate impact on persons with disabilities in violation of the Federal Fair Housing Act, the Americans With Disabilities Act, and the New York State Human Rights Law.

24. Additionally, as the Hamaspik residence at 10 Dinev Court, Monroe, New York was established pursuant to Mental Hygiene Law §41.34 and that law requires that all community residences established pursuant to that statute be treated as a single family residence for the purpose of all local laws and ordinances, Local Law No. 4 of 2008 cannot treat the Hamaspik residence as anything other than a single family residence and in doing otherwise, is superseded by and violates the New York State Mental Hygiene Law.

## COUNT I- FEDERAL FAIR HOUSING ACT

25. Plaintiff repeats and realleges all of the allegations contained in paragraphs "1" through "24" of the complaint.

26. The persons residing in Hamaspik's residence are persons with disabilities as defined in the Federal Fair Housing Act.

27. The actions of the defendants are covered under the Federal Fair Housing Act.

28. As Local Law No. 4 of 2008 treats housing for people with disabilities differently from single family residences of the same size, it is facially discriminatory and in violation of the Federal Fair Housing Act.

29. Alternatively, as people with disabilities are more likely than others to reside in group homes because of their disabilities, Local Law No. 4 of 2008 has a discriminatory disparate impact on people with disabilities in violation of the Federal Fair Housing Act.

30. Likewise, the Defendants' application of Local Law No. 4 of 2008 to Hamaspik's Dinev Court residence is discriminatory because of the disabilities of the persons residing there in violation of the Federal Fair Housing Act.

## COUNT II- TITLE II OF AMERICANS WITH DISABILITIES ACT

31. Plaintiff repeats and realleges all of the allegations contained in paragraphs "1" through "30" of the complaint.

32. The persons residing in Hamaspik's residence are persons with disabilities as defined in the Americans With Disabilities Act.

33. The defendants are governmental entities covered under Title II of the Americans With Disabilities Act.

34. For the same reasons why the defendants' local law and application of that law to Hamaspik violate the Federal Fair Housing Act, the Defendants' local law and application of that law to Hamaspik violate the Americans With Disabilities Act.

## COUNT III-NEW YORK STATE HUMAN RIGHTS LAW

35. Plaintiff repeats and realleges all of the allegations contained in paragraphs "1" through "34" of the complaint.

36. The person residing in Hamaspik's residence are persons with disabilities as defined in the New York State Human Rights Law.

37. For the reasons why defendants' local law and application of that law to Hamaspik violate the Federal Fair Housing Act, the defendants' local law and application of that law to Hamaspik violate the New York State Human Rights Law.

## COUNT IV- NEW YORK STATE MENTAL HYGIENE LAW

38. Plaintiff repeats and realleges all of the allegations contained in paragraphs "1" through "37" of the complaint.

39. As Hamaspik's Dinev Court residence was established pursuant to Mental Hygiene Law §41.34, it must be treated as a single family residence for the purpose of all local laws and ordinances under Mental Hygiene Law §41.34(f).

40. As the Local Law No. 4 of 2008 does not treat community residences established pursuant to Mental Hygiene Law §41.34 as single family residence, it is superseded by Mental Hygiene Law §41.34 and violates that statute.

WHEREFORE, it is respectfully requested that this Court:

1) Annul Orange County Local Law No. 4 of 2008

2) Order that Defendants not apply Orange County Local Law No. 4 of 2008 to group homes operated by Hamaspik.

3) Award Hamaspik compensatory and punitive damages, along with attorneys fees.

4) Such other relief as the Court deems appropriate.

Dated: Garden City, New York
November 28, 2012

MORITT HOCK & HAMROFF LLP
Attorneys for Plaintiff
By:

_____
ROBERT L. SCHONFELD (RS7777)
400 Garden City Plaza
Garden City, New York 11530
(516) 873-2000



# LOCAL LAW NO. 4 OF 2008

A LOCAL LAW AMENDING AND RESTATING LOCAL LAW NO. 7 OF 2006, ESTABLISHING RULES, REGULATIONS AND REQUIREMENTS IN RELATION TO THE USE OF PUBLIC AND PRIVATE SEWERS, PRIVATE SEWAGE DISPOSAL, THE INSTALLATION AND CONNECTION OF BUILDING SEWERS, AND THE DISCHARGE OF SEWAGE, INDUSTRIAL WASTEWATER OR OTHER WASTES INTO THE SEWAGE SYSTEM OF ANY ORANGE COUNTY SEWER DISTRICT AND ALL PUBLIC SEWERS TRIBUTARY TO THE HARRIMAN SEWAGE TREATMENT PLANT, AND PRESCRIBING PENALTIES FOR VIOLATIONS THEREOF.

Be it enacted by the County Legislature of the County of Orange, State of New York, as follows:

## ORANGE COUNTY SEWER USE LAW

| | | |
|---|---|---|
| ARTICLE I | SHORT TITLE AND STATEMENT OF PURPOSE | 2 |
| ARTICLE II | ABBREVIATIONS AND DEFINITIONS | 4 |
| ARTICLE III | USE OF PUBLIC SEWER | 16 |
| ARTICLE IV | PRIVATE SEWAGE DISPOSAL AND SEWAGE SYSTEMS | 21 |
| ARTICLE V | SEWER DESIGN, CONSTRUCTION, AND REPAIR WITHIN ORANGE COUNTY SEWER DISTRICT NO. 1 | 22 |
| ARTICLE VI | BUILDING LATERAL SEWERS AND CONNECTIONS | 27 |
| ARTICLE VII | INFLOW RESTRICTIONS | 32 |
| ARTICLE VIII | TRUCKED IN WASTEWATER | 33 |
| ARTICLE IX | DISCHARGE RESTRICTIONS | 35 |
| ARTICLE X | INDUSTRIAL WASTEWATER DISCHARGE PERMITS AND PRETREATMENT REQUIREMENTS | 42 |
| ARTICLE XI | GENERAL PROCEDURES | 64 |
| ARTICLE XII | ENFORCEMENT PROCEDURES AND PENALTIES | 65 |
| ARTICLE XIII | IMPOSITION OF SEWER RENTS, SEWER TAX AND FEES | 77 |
| ARTICLE XIV | PUBLIC DISCLOSURE OF OPERATIONS | 85 |
| ARTICLE XV | CONFLICTS, SEVERABILITY AND EFFECTIVE DATE | 86 |

# ARTICLE XIII
# IMPOSITION OF SEWER RENTS, SEWER TAX AND FEES

**Section 13.1  Legislative Intent**

It is the intention of the Legislature of Orange County by the adoption of this Article to establish and impose sewer rents and sewer tax for the Orange County Sewer District No. 1 and/or any successor body, agency, commission or authority charged with the duty of operation and maintenance as well as increase and improvements of the Orange County Sewer District No. 1 and/or any additional sewer disposal districts or systems formed pursuant to the provisions of the County Law and the General Municipal Law in accordance with the provisions of Article 14-F of the General Municipal Law, Article 5-A of the County Law, and any other applicable law.

**Section 13.2  Definitions**

As used or referred to in this Article, unless a different meaning clearly appears from the context:

(1) The term "sewer rents" shall mean a scale of annual charges established and imposed by the Legislature of Orange County for the use of the public sewers.
(2) The term "sewer tax" shall mean the annual tax incurred from real property assessed on an equitable basis to pay capital increase and improvement of OCSD1.
(3) The term "units of use" shall mean the quantity of usage of the sewer system assigned to different classifications of real property in the district. One unit shall be equal to 400 gallons per day or other volume per unit of time as specified by the Administrative Head.
(4) For the purpose of Article 13, the term "User" shall mean any owner of real property within the district who is depositing or is required to deposit sewage, either directly or indirectly, into the public sewers.
(5) Where beds are referred to as the index of unit charges, the maximum capacity approved by the appropriate governmental authorities shall be determinative of such computation of beds.
(6) Meals included with rooming facilities shall mean meals served either in rooms or in central eating area. Where the central eating area is open to others in addition to those staying at that facility, units shall be assigned based upon no meals, with separate units assigned to the eating facility as a food service.
(7) Occupants are defined as owners, managers, employees, or volunteer workers.
(8) Each office space which is used by a separate owner and/or tenant shall be treated as a separate office space for the purpose of assigning units of use, regardless of the use of a common bathroom facility between them. A group of small offices having a common receptionist and waiting room shall be treated as one office.

**Section 13.3  Schedule of Units of Use**

The basis of the charge for the sewer rents to be paid by the Users shall be determined from the following schedule of units of use.

| Classification of Property | Units of Use |
|---|---|
| One family dwelling | 1 unit |
| Two family dwelling | 2 units |
| Each separate apartment (or separate unit) in a two family, three family or multiple dwelling | 1 unit |
| Mobile Home | 1 unit |
| Combination one family home with a business establishment other than dentist | 2 units |
| Combination one family home with a dentist business office | 3 units |
| Rooming Houses – each four beds rooms or part | 1 unit |
| Residence for adults or youths – Rooming Houses, Boarding Houses and Group Homes with meals served – each three beds or part | 1 unit |
| Hotel or Motels (no meals) – each three rooms or part | 1 unit |
| Hotels – American plan with meals served – each 2 rooms or part | 1 unit |
| Business Offices and Commercial Establishments – For each with five occupants or part (where, occupants are defined as owners, managers and employees) | 1 unit |
| Retail and Wholesale Store establishment – For every 4,000 square feet or part | 1 unit |
| Commercial establishments – with five occupants or less (where, occupants are defined as owners, managers or employees) and | 1 unit |
| for each additional five occupants or part | 1 unit |
| Industrial plants – shall be any enterprise which produces industrial wastes as defined by Section 2.1.  One Unit of Use for each 400 gallons per day of flow plus additional units based on quantity and quality to be determined and assigned | 1 unit |
| Laundromats – for each two washing machines | 1 unit |
| Laundries – based on water use capacity with units assigned at | 400 gpd per 1 Unit |
| Car Washes – based on water use capacity with units assigned at | 400 gpd per 1 Unit |
| Highway Toll Plaza and Rest Stops – based on water use capacity with units assigned at | 400 gpd per 1 Unit |
| Bar and Grill | 3 units |
| Luncheonette (Open less than fourteen hours a day) | 3 units |
| Luncheonette (Open more than fourteen hours a day) | 6 units |
| Restaurant – small – twenty seats or less | 3 units |
| Restaurant – medium – twenty-one to seventy-five seats | 4 units |
| Restaurant – large – over seventy-five seats | 5 units |
| Restaurant – each 20 seats or part above 100 seats | 1 unit |
| Restaurant – with bar add | 3 units |
| Catering Hall – assign 60% of the number of units assigned for full seating capacity of "Restaurant" classification as rounded up to the next whole unit | |
| Catering Takeout or Delicatessen – each 5 occupants | 1 unit |
| Bakeries and Bagel Shops – each 5 occupants | 1 unit |